■ CAROL E. BOTTARI, Respondent, v ROMILDO J. BOTTARI, Appellant. [666 NYS2d 742] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 12, 1996 in Warren County, which partially granted defendant's motion for modification of an amended qualified domestic relations order.

At the time of the commencement of the parties' action for divorce, August 5, 1987, defendant was employed by Niagara Mohawk Power Corporation (hereinafter the employer). Pursuant to a stipulation entered in open court on February 7, 1990 resolving the distribution of marital property, the parties agreed that plaintiff was entitled to a one-third interest in defendant's pension under his employer's pension plan (hereinafter the Plan) and that plaintiff's share would be calculated in

accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481). This stipulation was incorporated, but not merged, into the judgment of divorce entered on April 13, 1990.

On May 17, 1990, a qualified domestic relations order (hereinafter QDRO) was signed by Supreme Court in which defendant assigned plaintiff one third of his monthly pension benefits as directed by the court. The QDRO was later amended in May 1991 (hereinafter the amended order) as a result of a rejection by the employer of the original QDRO in the form presented. As relevant herein, the change presented to Supreme Court pertains to that section detailing the amount payable to plaintiff should she elect to receive her benefits at an early retirement age. If defendant subsequently retired with subsidized early retirement benefits, the amount payable was to be recalculated, "if appropriate", to entitle plaintiff to receive a share of the subsidized benefits to which defendant became entitled. Although such section was changed from the original QDRO to now include the phrase "if appropriate", counsel for defendant wrote to Supreme Court on May 29, 1991 requesting that it strike the paragraph in its entirety rather than deleting the additional phrase. By that time, however, the order had already been signed. No further action was taken by defendant's counsel.

On June 1, 1992, plaintiff elected to receive early retirement benefits and, pursuant to the amended order, received a monthly payment of approximately $216.52, later revised to $241.43. Defendant continued working until February 29, 1996 when he chose to retire at approximately 62 years of age. The employer, acting pursuant to the provisions of the amended order and not at plaintiff's request, recalculated plaintiff's benefit in accordance with the now disputed provision, resulting in a $253.15 increase. When negotiations with the employer failed, defendant moved to modify the amended order on May 2, 1996. Supreme Court, specifically reviewing the stipulation entered in open court and noting that the agreement was premised upon a reduced percentage of the pension to plaintiff in exchange for the former marital residence, partially granted defendant's motion by holding that plaintiff was entitled only to that portion of his benefits which were earned between the time of the marriage and the commencement of the divorce action. Defendant now appeals.

At all times acknowledging that counsel took no action to further challenge the amended order, defendant now contends, almost five years later, that such order should be modified so that plaintiff is only eligible to receive one third of his retire-

ment benefits as calculated at the time of plaintiff's early retirement election. He contends that his employer incorrectly interpreted the phrase "subsidized early retirement" as meaning any retirement prior to age 65, the "normal retirement" age as defined by the Plan. Reasoning that the employer's 1991 and 1993 contracts provided employees with 100% retirement benefits for those who met minimum standards and whose age and years of service equalled a set amount of points which defendant fulfilled, he contends that there remained no basis to trigger the windfall recalculation to plaintiff since he did not retire with subsidized benefits.

We disagree. The employer's contracts, at all times, defined "normal retirement" at age 65, "early retirement" at any month after the age of 55 (predicated upon at least 10 years of service) and "postponed retirement" as working beyond age 65. The managing counsel and assistant secretary to the employer explain, as shown by the record, that "[i]f a participant elects to retire before normal retirement date, his benefit is not fully actuarially reduced. It is instead subsidized by the Plan". Thus, in accordance with the provisions of the amended order, we agree that defendant's election to retire prior to age 65 triggered the recalculation and increase to plaintiff based upon his subsidized early retirement benefits. Here, as in *Olivo v Olivo* (82 NY2d 202), the parties' agreement gave plaintiff an entitlement to share in defendant's pension, not an entitlement to a fixed sum or even to a particular methodology of calculating the pension benefit based on the time at which plaintiff elected to take her benefits. Hence, in finding that Supreme Court properly concluded that defendant's acceptance of the early retirement package was subsidized by the employer, thus triggering a recalculation in accordance with the terms of the order and the *Majauskas* formula, we decline to disturb the determination rendered.

Accordingly, after having considered defendant's remaining contentions, we affirm the order of Supreme Court.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.