# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**342**

**CA 10-02257**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

LAURIE M. UNSER, FORMERLY KNOWN AS LAURIE M.
FOX, PLAINTIFF-RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

DAVID FOX, DEFENDANT-APPELLANT.

---

KALIL & EISENHUT, LLC, UTICA (KEITH A. EISENHUT OF COUNSEL), FOR
DEFENDANT-APPELLANT.

MICHAEL G. PUTTER, ROME, FOR PLAINTIFF-RESPONDENT.

---

Appeal from a corrected order of the Supreme Court, Oneida County
(David A. Murad, J.), entered September 30, 2010. The corrected order
awarded plaintiff a judgment for maintenance arrears.

It is hereby ORDERED that the corrected order so appealed from is
unanimously reversed on the law without costs and the motion is
denied.

Memorandum: By an "amended notice of appeal," defendant in this
post-divorce action appeals from a corrected order that, inter alia,
"continued" certain ordering paragraphs in a prior order dated
September 28, 2009 and sua sponte issued the instant corrected order
based on an "obvious typographical error." We conclude that Supreme
Court thereby incorporated those prior specified ordering paragraphs
into the "corrected order," which is the sole document before us on
this appeal. The court, inter alia, granted the motion of plaintiff,
the ex-wife of defendant, seeking a money judgment for her unpaid
share of defendant's New York State retirement benefits, directed the
entry of a wage deduction order against defendant to enforce the
parties' stipulation regarding his retirement benefits, and awarded
attorney's fees to plaintiff. We conclude that the court erred in
granting plaintiff's motion.

The parties' judgment of divorce, entered in 1996, incorporated a
stipulation placed on the record concerning the rights of plaintiff to
defendant's retirement benefits. During the course of the parties'
marriage, defendant was employed as a police officer by the City of
Little Falls, and he became vested in the New York State retirement
system. With respect to defendant's pension, the parties' stipulation
provided that, "as of the date that they would be entitled to have it
at the point of [defendant's] retirement," plaintiff was entitled to
share in the pension "[p]ursuant to the Majauskas formula" (*Majauskas*

*v Majauskas*, 61 NY2d 481).  Thereafter, a qualified domestic relations order (QDRO) was entered, which provided that, "at such time as [defendant] has retired from and is actually receiving a retirement allowance from the New York State and Local Retirement Systems, [plaintiff] shall be awarded that proportion of 50 percent of each retirement check of the participant for which number of months the parties were married and where the participant did accrue retirement benefits . . . pursuant to and in accordance with the formula devised in the case" of *Majauskas*.

Defendant retired from his employment as a police officer with the City of Little Falls in March 2005, and the parties began to receive their proportionate shares of defendant's pension.  Simultaneous to his retirement as a police officer, defendant became employed as a court officer with the Herkimer County Sheriff's Department.  Defendant and plaintiff were then 50 and 46 years of age, respectively.  At that time, defendant's employment did not affect his pension because he earned less than the amount permitted under Retirement and Social Security Law § 212 (2) (*see* § 212 [1]).  In August 2007, however, the State assumed jurisdiction over court officers in Herkimer County, whereupon defendant's salary was increased to $43,802, thus exceeding the $30,000 then permitted by section 212 (2).  As a result, defendant's retirement benefits for 2008, including the payments to plaintiff as alternate payee, were suspended as of September 2008, when his total earnings exceeded $30,000, subject to reinstatement in January 2009.  Plaintiff thereafter moved, inter alia, for a money judgment for 2008 arrears in the amount of $3,084.44 and a wage deduction order to enforce her future rights to the pension.

We conclude that the court erred in granting plaintiff's motion.  "By its very nature, a pension right jointly owned as marital property is subject to modification by future actions of the employee" (*Olivo v Olivo*, 82 NY2d 202, 209).  Plaintiff is not entitled "to a fixed sum or even to a particular methodology of calculating [defendant's] pension benefit" (*id.* at 210) but, rather, she is entitled only "to share in defendant's pension," whatever that amount may be (*Bottari v Bottari*, 245 AD2d 731, 733).  As the Court of Appeals explained in *Olivo*, "[w]hat the nonemployee [ex-]spouse possesses, in short, is the right to share in the pension as it is ultimately determined . . . [and] actually obtained" (*Olivo*, 82 NY2d at 210).  Thus, pursuant to *Olivo*, the right of plaintiff to a share of defendant's pension is contingent on the amount of pension benefits that are "actually obtained" (*id.*).  Thus, because defendant is not eligible to receive pension benefits for a portion of the year 2008, plaintiff likewise has no right to receive such benefits.  The fact that the continued employment of defendant with the Sheriff's Department may reduce plaintiff's pension benefits is of no moment.  Indeed, defendant did not have to retire from his job as a police officer with the City of Little Falls when he did, and if he had elected to continue working in that position plaintiff would have received nothing from his pension until such time as he eventually retired.  Contrary to plaintiff's contention, there is no provision in the parties' stipulation or in the QDRO that affords her a right to a fixed and continuing amount of

pension benefits once such benefits are initially payable.  It necessarily follows that, because plaintiff was not entitled to a money judgment for 2008 arrears, she was not entitled to a wage deduction order to collect lost payments going forward, nor was she entitled to an award of attorney's fees.